UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS.  § | CRIMINAL ACTION NO. C-03-79-2 |
| § | |
| JOSE ANTONIO BARRETO-GUILLEN § | |

**ORDER OF REALIGNMENT OF PARTIES,
AND ORDER FOR COMPLIANCE WITH PLRA**

Jose Antonio Barreto-Guillen (Barreto-Guillen) has filed a motion for the return of property taken from him at the time of his arrest, in 2003. (D.E. 130). Barreto-Guillen alleges that his personal property consisting of his Mexican identification documents has never been returned.

Barreto-Guillen's motion seeking the return of property is hereby converted to a civil action and assigned a civil case number. Additionally, Barreto-Guillen must either pay the filing fee for the case or file an application to proceed *in forma pauperis*, in accord with the Prison Litigation Reform Act.

### I. BACKGROUND

Barreto-Guillen was convicted in August 2003 of aiding and abetting the possession with intent to distribute 9.29 kilograms of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). He was additionally convicted of illegal reentry into the United States. (D.E. 94). He was sentenced to 120 months and 60 months in the Bureau of Prisons to run concurrently, along with 5 years supervised release. Id.

### II. ANALYSIS OF MOTION FOR RETURN OF PROPERTY

Barreto-Guillen's motion seeks the return of property consisting of various Mexican identification documents. (D.E. 130). Rule 41(g), of the Federal Rules of Criminal Procedure

permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007). Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See Bailey, 508 F.3d at 738.

Because Barreto-Guillen's claim that property of his was illegally seized at the time of his arrest and kept by the government is properly construed as a civil action, so construed, Barreto-Guillen must comply with the Prison Litigation Reform Act (PLRA), and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997). Although Barreto-Guillen qualified to proceed *in forma pauperis* in his initial criminal proceedings, he is still required to file the document establishing his current financial condition. See id. at 4. Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. See id.

In light of the foregoing, the following is ORDERED:

(1) The Clerk shall sever Barreto-Guillen's motion for return of property, and transfer the letter motions and this order to a civil case file, assigning a civil cause number to the proceedings. The parties shall be realigned, because defendant Barreto-Guillen is the true plaintiff in this suit against defendant United States of America. ***All future pleadings related to Barreto-Guillen's motion for return of property shall be filed in the civil case file only.***

(2) Within thirty days of the entry of this order, Barreto-Guillen shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a

certified copy of his inmate trust account records, which must reflect the account balance, as well as the deposits and average balance for the six months preceding the filing of his motion. 28 U.S.C. § 1915. The Clerk shall mail Barreto-Guillen the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. Fed. R. Civ. P. 41.

### III. CONCLUSION

Barreto-Guillen's motion for return of property, (D.E. 130) is hereby converted to a civil action and the Clerk and Barreto-Guillen are to follow the procedures set forth in the preceding section.

SIGNED and ORDERED this 25th day of January, 2011.

_____
Janis Graham Jack
United States District Judge